1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6   JORGE FLORES,                          Case No.  24-cv-00777-TSH

7              Plaintiff,

8          v.                              ORDER GRANTING MOTION FOR
                                           LEAVE TO CONDUCT EARLY
9   C.A.R & ASSOCIATES,                    DISCOVERY

10             Defendant.                  Re: Dkt. No. 12

11

12         On February 9 the Court granted Plaintiff Jorge Flores's in forma pauperis application and

13  directed the U.S. Marshal to serve Defendant C.A.R. Associates.  ECF No. 5.  However, when the

14  Marshal attempted service at the address provided by Plaintiff, 135 South State College Blvd.,

15  Suite 200, Brea, California 92821, the manager at the building stated that Defendant no longer

16  leased a space there.  ECF No. 10.  Plaintiff now seeks leave to conduct discovery prior to the

17  Rule 26(f) conference for the purpose of identifying Defendant's true legal name, if any, the

18  owners, operators, or those otherwise doing business under the name "C.A.R & ASSOCIATES,"

19  and an address for which to serve the summons and complaint upon said owners/operators.  ECF

20  No. 12.

21         A court may authorize early discovery for the convenience of parties and witnesses and in

22  the interests of justice.  Fed. R. Civ. P. 26(d).  Generally, courts within the Ninth Circuit consider

23  whether a plaintiff has shown "good cause" for early discovery.  *See Semitool, Inc. v. Tokyo

24  Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Donaldson v. Garland*, 2022 WL

25  17252701, at *1 (E.D. Cal. Nov. 28, 2022) (collecting cases).  "Good cause may be found where

26  the need for expedited discovery, in consideration of the administration of justice, outweighs the

27  prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

28         "In evaluating whether a plaintiff establishes good cause to learn the identity of Doe

United States District Court
Northern District of California

defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." *Donaldson*, 2022 WL 17252701, at *1 (quoting *ZG TOP Tech. v. Doe*, 2019 WL 917418 at *2 (W.D. Wash. Feb. 25, 2019)).  "Where the true identity of a defendant is not known, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, as set forth in Plaintiff's complaint, "C.A.R & Associates" is an entity or fictitious business name of unknown origin and physical address, using a mailing address of a shared or virtual office address in Brea, California, and a website resolutionsdepartment.com.  ECF No. 1.  Although the U.S. Marshal's Service attempted service at the shared or virtual office at 135 South State College Blvd., the Marshal was advised that C.A.R & Associates is no longer leasing space there.  ECF No. 10.  Further, Plaintiff has made a good faith effort to identify defendants through independent investigation but has not been able to do so.  Mot. at 3.  According to Plaintiff, "C.A.R & Associates" is not registered as an entity with the California Secretary of State, could not be found as a registered fictitious business name, and could not be positively identified from any of the databases and methods Plaintiff's counsel generally utilizes to identify debt collectors. *Id.*  Plaintiff now intends to serve subpoenas upon Defendant's virtual office, webhosting service provider/domain registrar and telephone service provider.

Courts routinely allow expedited discovery for good cause such as determining a defendant's identity and address.  *See, e.g., Donaldson*, 2022 WL 17252701, at *2; *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008).  As such, the Court finds good cause exists to permit Plaintiff to propound early limited discovery to determine Defendant's identity and address for service.  Accordingly, the Court **GRANTS** Plaintiff's motion

and **ORDERS** as follows:

1. Plaintiff may serve Defendant's virtual office, webhosting service provider/domain registrar and telephone service provider with a Rule 45 subpoena commanding them to provide the true name and address of the Defendant.  Plaintiff shall attach a copy of this order to the subpoena.

2. If the provider qualifies as a "cable operator" under 47 U.S.C. § 522(5),[1] that provider shall comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this order to the Defendant.

3. The provider shall serve a copy of the subpoena and a copy of this order on the subscriber within 30 days of the date of service.  The provider may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

4. Each subscriber and provider shall have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period lapses without the subscriber contesting the subpoena, the provider shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

5. The provider shall preserve all subpoenaed information pending the provider's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the provider for the purpose of protecting and enforcing his rights as set forth

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."  47 U.S.C. § 522(5).
[2] "A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"  47 U.S.C. § 551(c)(2)(B).

United States District Court
Northern District of California

in the complaint.

Pending execution of service, the May 9, 2024 case management conference is **VACATED**.  The Clerk of Court shall terminate Plaintiff's counsel's motion to appear by telephone (ECF No. 11) as moot.

**IT IS SO ORDERED.**

Dated: May 1, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4